In the Matter of the Application of MAY W. LEVY for a Determination of the Validity, Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of MORRIS M. LEVY, Deceased. MAY W. LEVY, Petitioner, Appellant; BENJAMIN F. FEINBERG and Another, as Executors and Trustees under the Last Will and Testament of MORRIS M. LEVY, Deceased, and HARRY P. KEHOE, as Special Guardian for the Infants WILLIAM MAYNARD LEVY and Others, Respondents.— Appeal by May W. Levy, the widow of Morris M. Levy, deceased, from a decree of the Surrogate's Court of Clinton county, entered September 12, 1936, construing the sixth paragraph of the will of the decedent. Decedent left a net estate of $54,143.54, besides a $49,865.31 interest in a tobacco business. Practically the entire $49,865.31 was willed to the appellant. The paragraph of the will which is alleged to need construction reads as follows: " Sixth. I give, devise and bequeath the tobacco business conducted by me under the name of Levy Bros. in the City of Plattsburgh, New York, and in which business I have an investment of approximately Sixty-five Thousand ($65,000.00) Dollars, to my Trustees hereinafter named, in trust, with power and authority to continue to conduct said business and from the income therefrom to pay to my dear wife, May W. Levy, one-half of the annual net earnings of said business, in semi-annual installments, during the continuance of such business as hereinafter provided, and I hereby direct that the compensation to my Trustees hereinafter named for continuing to conduct and manage said business, in the event that in their discretion they shall deem it advisable to continue the same, shall be the remaining fifty percent annual net earnings of said business and which amount shall also be in lieu of their annual commissions as such Trustees, and I hereby give and bequeath to my said Trustees for their services in managing and conducting said business and commissions aforesaid fifty percent of the annual net earnings of said business. In the event that such business shall be continued by my Trustees hereinafter named and the said business shall in any year fail to earn a profit, then and in that event, I direct my Trustees to pay to my dear wife for such year the sum of Four thousand ($4,000.00) Dollars from the principal of the trust fund and to the Trustees for their services in conducting said business in addition to the commissions allowed by law such sum as to the then Surrogate of Clinton County, New York, shall seem fair and reasonable for the services rendered in the conduct

of said business." Upon the termination of the trust the remainder of the trust fund was bequeathed to children of a deceased nephew of decedent. The appellant contended before the surrogate, and urges here, that the intent of the decedent was to provide for the payment of not less than $4,000 a year from the net earnings or principal of the business to the widow. The surrogate found the will unambiguous and rejected appellant's contention. Decree unanimously affirmed, with costs to the trustees, respondents, and to the special guardian, respondent, payable out of the estate. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ. [160 Misc. 394.]